The court now calls 117-962 Maria Turcios v. DeBruler Company. Are you ready to proceed? Ready? May it please the court, Stephen Rehfeldt for the defendant's appellant, the DeBruler Company. This case today is one of first impression. It involves the issue of whether Illinois will recognize a wrongful death claim or intentional infliction of emotional distress in a case where the plaintiff's decedent has committed suicide. No Illinois court up until now has been asked to decide this issue. As a general rule, a court feeser in Illinois is liable to a plaintiff only for those injuries that are approximately caused by the defendant's cautious conduct. Up until now, this has been true in both cases where a defendant has been charged with negligence and in cases where a defendant has been charged with an intentional tort. Approximate cause is one that produces an injury through a natural and continuous sequence of events unbroken by any intervening cause. The legal doctrine of approximate cause is made up of two distinct elements, cause and fact and legal cause. A defendant's conduct is deemed to be a cause and fact of a plaintiff's injuries only if that conduct is found to be a substantial factor in bringing about the injuries. A defendant's conduct is a substantial factor in a plaintiff's injuries if the plaintiff's injury would not have occurred in the absence of such conduct. Legal cause is a question of foreseeability. An injury is held to be foreseeable and therefore the legal cause of a plaintiff's injuries if it is the type that a reasonable person would see as a natural and probable result of his or her conduct. In 1965, in the case of Little v. Chicago Hoist and Body Company, this court held that the act of suicide was not reasonably foreseeable but rather an independent intervening cause breaking the chain of causation from the defendant's conduct. This court in Little made a distinction between acts of suicide committed by persons who were bereft of reason and mentally ill and acts of suicide committed by persons who, although in command of their faculties, had found their life to become unendurable. There are no allegations in the plaintiff's complaint in this case that the plaintiff's decedent was suffering from any sort of mental illness prior to the time that he committed suicide. There are a number of allegations in the complaint that the plaintiff's decedent had become depressed, had become despondent, and had found his life to be unendurable. Therefore, we are dealing with the same kind of suicide that the court in Little was talking about. There have been a number of Illinois Appellate Court opinions issued after this court's opinion in Little which have likewise held suicide to be both unforeseeable and an independent intervening cause. Almost all of those cases, all of them except one as a matter of fact, have been cases where the defendant has been charged with negligence. In the case here, the plaintiff's been charged with an intentional tort, not negligent conduct. The plaintiff claims that this makes a difference. The plaintiff cites state court decisions from four states, California, New Hampshire, Indiana, and Wyoming, where a plaintiff was allowed to maintain a wrongful death claim against a defendant who was charged with an intentional tort, even though the plaintiff's decedent in those cases had committed suicide. All four of those jurisdictions used the same basic legal reasoning to allow the wrongful death claims to proceed. In those four jurisdictions, the concepts of proximate cause, legal cause, intervening cause, and foreseeability do not play a role in determining the extent of the liability of a defendant charged with an intentional tort. All that is needed in those jurisdictions is for a plaintiff to show that a defendant's intentionally tortious conduct was a substantial factor in bringing about the plaintiff's injuries. In essence, all four of those jurisdictions have removed the legal cause element of the doctrine of proximate cause from intentional tort cases, but have left and retained the cause and fact element. If this court wishes to recognize the cause of action for wrongful death in an intentional tort case where the plaintiff has committed suicide, I expect that the court will need to move more or less down the same general path that the courts in California, New Hampshire, Wyoming, and Indiana have gone down, namely to eliminate legal cause from intentional tort cases. That would be a substantial and, in my view, a very unfortunate departure from existing Illinois law. There are a number of Illinois cases that have applied both the cause and fact and legal cause elements of proximate causation to intentional torts. In the appellant's brief that we filed with this court, I spent quite a bit of time talking about this court's opinion in the case of Martin v. Heinhold Commodities. The intentional torts at issue in Heinhold were fraud and breach of fiduciary duty. That case didn't involve the intentional infliction of emotional stress as this case does. Nevertheless, the arguments raised in Heinhold were the very same ones that are being raised here. The defendant in Heinhold argued that it was a fundamental principle of Illinois tort law that a plaintiff could not recover damages unless he could prove that the damages were proximately caused by the defendant's conduct. The plaintiff, on the other hand, argued that because he was seeking damages for intentional torts rather than negligence, he was not required to show that his damages were proximately caused by the defendant's conduct. All he was required to do was to show that the defendant's conduct was a cause and fact of those damages. The appellate court in Heinhold sided with the plaintiff on that issue, but this court did not. It reversed. And in so doing, this court stated, and I would quote here, quote, we conclude that plaintiffs must prove that a defendant's actions proximately caused their injuries before they can recover in tort, even in instances of intentional torts where fiduciaries are involved, unquote. The plaintiff in Heinhold argued that applying the doctrine of proximate cause in intentional tort cases was not warranted because it showed leniency towards intentional wrongdoers. But this court did not accept that argument. But this court stated, and again I quote, quote, even intentional tort feeders do not become the insurers of safety for wrong plaintiffs, unquote. Now the appellate court in our case has interpreted Heinhold in a pretty narrow manner. The appellate court found that in the Heinhold opinion, this court intended its ruling to apply only to the intentional torts of fraud and breach of fiduciary duty and not to any other types of intentional torts. This court is, of course, the best judge of what its own opinion means. However, I personally don't see any language in Heinhold which would support the appellate court's narrow reading of that case. What's more, if the appellate court's interpretation of Heinhold were correct, one would expect to find some intentional tort cases, either from this court or from some of the state appellate courts, where the doctrine of proximate cause had not been applied. One would expect to find an intentional tort case or two where a court had held a defendant liable simply because the defendant's conduct was found to be a cause in fact of the plaintiff's injuries. I did not find any cases like that. Neither, apparently, did the plaintiff or the appellate court because neither of them cite such a case. On the contrary, every intentional tort case that I have found, which touches upon this issue, has held that a plaintiff must prove that his damages were proximately caused by the intentional conduct of the defendant in order to recover. A number of these cases involve the very same intentional tort that we have here, which is the intentional infliction of emotional distress. I cite a number of intentional infliction of emotional distress cases on page 25 of our appellate's brief in this case. All of those cases say more or less the same thing. They all say that a plaintiff in an intentional infliction of emotional distress case cannot recover unless the plaintiff can show that the defendant's tortious conduct was both the actual and the proximate cause of the plaintiff's emotional distress. The appellate court, in our case, interpreted these cases, the intentional infliction of emotional distress cases, in a very narrow manner as well. The appellate court found that the statements contained in those cases that a plaintiff was required to show that his or her emotional distress was actually and proximately caused by the defendant's conduct applied only to the emotional distress itself, not to the compensable damages suffered by the plaintiff as a result of that distress. I don't believe the appellate court's interpretation was correct on that issue. I don't see how there can be a distinction in an intentional infliction of emotional distress case between a plaintiff's damages on the one hand and the emotional distress suffered by the plaintiff on the other. Because in an intentional infliction of emotional distress case, the plaintiff's emotional distress and the plaintiff's damages are one and the same thing. A plaintiff in an intentional infliction of emotional distress case is not required to show any physical injury in order to recover. The emotional distress alone is sufficient for the award of damages. Section 46 of the Restatement of Torts provides that a plaintiff in an intentional infliction of emotional distress case may recover damages both for the emotional distress that he or she has suffered and if the distress results in the plaintiff suffering bodily harm, for that bodily harm as well. The appellate court's opinion applies general principles of proximate causation to the emotional distress element of a plaintiff's damages, but not to the bodily harm element of such damages. The selective application of the principles of proximate causation to some elements of damages but not to others is not in my view supported by any language in the intentional infliction of emotional distress cases themselves. Now the appellate court relied on its conclusion that you could apply proximate cause to emotional distress but not to bodily harm kind of damages on Section 46 of the Restatement. The appellate court noted that that section doesn't talk about the concepts of legal cause, foreseeability, or intervening cause. And the court reasoned that because those concepts weren't discussed in Section 46, that was an indication that those concepts don't apply to intentional infliction of emotional distress cases. The appellate court also noted that this court had adopted Section 46 as the law of Illinois in the case of public finance court versus Davis. The Davis opinion was issued in 1976. All of the intentional infliction of emotional distress cases that I cited in our appellant's brief were decided after the Davis opinion came out. All of them held that a plaintiff had to show that his emotional distress was both actually and proximately caused by a defendant's conduct. Therefore, all of those intentional infliction of emotional distress cases are at odds with the appellate court's interpretation of Section 46. I believe that the appellate court's interpretation of that section is not correct. The fact that Section 46 does not mention legal cause, foreseeability, or intervening cause does not mean that those concepts don't apply to intentional infliction of emotional distress cases. It means only that those concepts are not discussed in Section 46. The appellate court criticized us in its opinion because we had not cited to the court any Illinois case that was supplying principal's approximate cause to what the court referred to as one of the traditional types of intentional torts. The court referred to the torts of battery and trespass to land as being traditional intentional torts and somehow distinguished them from, for lack of a better word, nontraditional torts. The plaintiff in the appellee's brief that she has filed with this court raised a similar criticism. In our reply brief, we cited the case of Luss versus Village of Forest Park as an example of a case where traditional principal's approximate cause were applied to the intentional tort of battery. Luss was a wrongful death action brought against Forest Park and Wal-Mart. The plaintiff's decedent in Luss had gotten into a fight with the Wal-Mart employees and had been incarcerated as a result. He committed suicide while in the custody of the Forest Park police. The plaintiff's wrongful death action in that case was brought against both defendants and charged both of them with negligence, battery, and false arrest. The trial court in Luss entered summary judgment in favor of the defendants on all counts. The first district affirmed. In its opinion, the first district stated, and I'm quoting here, it is well settled that under Illinois law, a plaintiff may not recover for a decedent's suicide following a tortious act because suicide is an independent intervening event that the tortfeasor cannot be expected to foresee. Unquote. The appellate court in Luss used the principle that suicide was an unforeseeable independent intervening event to dismiss not only the plaintiff's negligence claim, but the plaintiff's claims for battery and false arrest as well. So, there are Illinois cases that have applied principles of proximate causation to the intentional torts of fraud, breach of fiduciary duty, intentional infliction of emotional stress, battery, and false arrest. That's a fairly wide sampling of intentional tort cases. On the other hand, there are no Illinois cases involving an intentional tort where principles of proximate causation have not been applied. In a wrongful death case involving the death by suicide of a plaintiff's decedent, the defendant's conduct cannot be found to be the legal cause of a plaintiff's damages because suicide is thought to be an intervening event and unforeseeable to a defendant. The Luss case shows that this suicide rule has been applied to intentional tort cases as well as to negligence. Therefore, in my view, the trial court correctly ruled that under Illinois law, the plaintiff could not maintain either a wrongful death action or a survival action for the death by suicide of the plaintiff's decedent. The plaintiff urged in the trial and appellate courts that Illinois law should be disregarded and the laws of the states of California, New Hampshire, Wyoming, and Indiana should be followed. However, the cause of action which the plaintiff wishes to pursue here would not be recognized in any of those four states. California requires a plaintiff seeking to maintain a wrongful death action based on the suicide of the plaintiff's decedent to plead not only that the defendant's conduct was intentional, but that it was undertaken with the specific intent of causing harm to the plaintiff. Alleging intentional conduct alone is not sufficient under California law. The plaintiff's complaint here doesn't allege that the conduct of the defendant was undertaken with the specific intent of causing harm to the plaintiff's decedent, and therefore doesn't state a cause of action under California law. In New Hampshire, in addition to alleging that a defendant's conduct was both intentional and undertaken for the specific intent of causing harm to a plaintiff's decedent, a plaintiff in that state must show that the defendant's conduct was both extreme and outrageous in nature. The plaintiff's complaint here alleges that the defendant was intentionally trying to evict the plaintiff's decedent from his apartment without legal grounds to do so. There are several cases in Illinois, which are cited in our brief, that hold that as a matter of law, similar conduct on the part of a landlord was not extreme and outrageous conduct. Therefore, a plaintiff's complaint would not stand muster under the law of New Hampshire either. In Indiana, the case of Kimberlin v. DeLong, the Indiana Supreme Court held that in order to maintain a wrongful death claim, a plaintiff had to plead and prove that a defendant's willful, tortuous conduct was intended by the defendant to cause physical harm to the plaintiff's decedent, and that the physical harm was a substantial factor in bringing about the suicide. The plaintiff's complaint doesn't allege that the defendant intended to cause the plaintiff's decedent physical harm, but that any physical harm or injury was a substantial factor in bringing about the suicide. Therefore, the plaintiff's complaint would be dismissed under Indiana law. The plaintiff in this case has made clear that her wrongful death claim was never intended to state a cause of action for intentional infliction of emotional distress. What the plaintiff wants this court to do is to authorize her to maintain a wrongful death claim based on only two elements. One, that the defendant's conduct was somehow wrongful. The plaintiff's brief claims that the defendant's conduct in this case was wrongful because it amounted to a constructive addiction of the plaintiff's decedent. Constructive addiction is not a tort, let alone an intentional tort. The second element of the plaintiff's proposed cause of action is that the wrongful conduct of the defendant was a substantial factor in bringing about the plaintiff's suicide. In essence, the plaintiff is asking this court to hold a landlord in a breach of lease case liable for the death by suicide of the tenant. No state in the United States would presently allow such a cause of action, and I hope and trust on behalf of my client that this court will not be the first court to do so. Thank you. Thank you, counsel. Good morning. May it please the court, my name is Richard Grossman, and I represent Maria Tercios, both individually and as the special administrator of the estate of Nelson Caceres, her deceased husband, and I also represent the two children here, Nelson and Maria Tercios. Let me begin by stating that this case is about one thing. It's not about what Wyoming wants, or what California wants, or what Indiana wants, or any of the other cases that I cited. There are federal cases in Pennsylvania and Massachusetts. It's about whether under Illinois law, this court should recognize the substantial factor, which is stated variously in the California, Wyoming, New Hampshire, Indiana cases, essentially that a person who acts wrongfully, that is, commits an intentional wrongful act against another, will be liable if that person commits suicide, as long as his wrongful act created an emotional distress, which resulted, was a substantial factor in the suicide. Now, counsel says that this isn't the law in Illinois, and it shouldn't be the law in Illinois. What we're asking this court to do is to notice that in every one of these cases that we've cited from foreign jurisdictions, the principle that someone who acts wrongfully should bear a greater responsibility for their actions than someone who's acted negligently is the key. All we're saying, and this is supported by virtually every commentator, Professor Prosser, by other scholarly authority, and all of these foreign jurisdiction cases. And in Illinois, by the way, your colleague, Justice, I mean, has decided a case to constrain Illinois law. In his opinion, Illinois would hold that a person, that there's a substantial and a meaningful distinction between people who act intentionally and people who act negligently. I'll give you an example. You're driving your car. You're disobeying the law and acting at your cell phone or texting or whatever. Your car jumps the curb. You hit a person. That person becomes paraplegic. That person can't endure that circumstance. They kill themselves. We have acknowledged forthrightly that in that setting, in a negligence scenario, we have no cause of action. We wouldn't be standing here. But if I'm driving my car, and I see that person, I say, you know, I've always hated that person. I'm going to hit him with my car. May not kill him. Hits him with his car. Jumps the curb and hits the person intentionally. Now the person becomes paraplegic. Now the person kills himself. There's a cause of action. Why? Because the law recognizes that once you undertake to act wrongfully, once you intend to harm another, you are responsible for whatever comes down the pike. That includes, in this case, would be suicide. Just so I'm clear, you are not tethering your argument to the intentional infliction of emotional distress. The example you just used was a battery. That's correct. In other words, and if you look at the, if you survey the causes of action which resulted in the rulings in those foreign jurisdictions, in the rule that a person is liable for intentional conduct, even for a suicide, if his wrongful act was a substantial factor in the victim's suicide, there was a bomb in a bag. That was, I think, the Indiana case, Kimberlin. There was a sexual abuse situation of longstanding. The person finally couldn't endure it, killed himself. I think, or herself. There were, there was a civil rights case, I think a beating by the police. These are not intentional infliction of emotional distress cases. These are cases in which the court says what the plaintiff did, I'm sorry, what the defendant did was wrongful, and as a result, we're going to say that the defendant is liable for whatever happens after he does that. What if, instead of committing suicide, the victim of this goes out and hurts somebody else? Would there be liability there? I don't think so. I don't think that the defendant, I'm sorry. Oh, I was going to say, so you're confining it strictly to suicide? Or you just said you're responsible for whatever happens. So how do you draw that line? Well, I would think that you're not responsible for the then criminal acts of the victim. In other words, the person becomes deranged and robs a bank. Well, what if you become so emotionally distressed that you go out and drive your car and run over some children in a schoolyard, because you were so upset by the conduct of the defendant? Would there be liability there? If you're suggesting that the victim of the injured defendant's negligence, or I guess intentional, would have a case, I don't think so. At some point, there is a limit to the liability. We're going to be drawing rules here. We're making precedence. Tell me how we draw this without doing violence to other areas of the law. The case law that's been presented to you all involves suicide. My case involves suicide. I'm not sure that you need to necessarily go beyond the suicide context. You can leave that for another day as to whether, I mean, this is a pretty unusual situation in the first place. Obviously, we're standing here in 2015. The state of Illinois has been around for a long time. Since 1818, this is the first time that somebody's brought a case like this. So I think those other more complicated scenarios can await a further definition. You can refine it if you need to at some point. But I'm asking. How about the Martin case, the Martin v. Heinhold case, which did deal with an intentional tort, and did in fact say that there has to be a proximate cause, and in fact projected the argument that there's something different in our sense of causation between intentional and negligent torts? How does that apply here? A couple things. One, counsel says he doesn't see any limiting language in Heinhold. In each of the recitations of the rule that they require a proximate cause in Heinhold, they say even an intentional tort such as fraud. Let's talk about that in a minute. Both you and the appellate court want to narrow, use that language narrowly, right, such as fraud as just saying that only fraud would require the because you started out by saying no intentional torts, right, but you agree and latch on to the appellate court argument that the, that at least fraud, because it says such as fraud, that the principle is applicable to actions for negligence as well as intentional courts, such as fraud, and you're thinking that limits it to fraud. But isn't the phrase such as fraud an inclusive rather than an exclusive statement? Isn't it such as fraud implies that there's other intentional torts which would qualify? Well, I'm going to blame the English language for being ambiguous. I look at it and say if I wanted to say such as something, it might be inclusive, but it might also be saying, you know, just such as this one cup or this one thing. And you're right, the appellate court did read it that way. I think that that was the right way to read it because I've suggested that there is a logical distinction between fraud and something like battery, because in fraud you're required to plead with specificity, there's a heightened burden of proof that's clear and convincing, and what the courts always find in fraud cases is that there has to be some kind of, I'll use the phrase non-remote connection between what you did fraudulently and your damages. And the reason for that is, and by the way, in every one of the cases that we've supplied to you in the foreign jurisdictions that hold that the suicide rule is not in effect, that is you can proceed in a wrongful death claim even though there's a suicide, they all have this same non-remote concept dealing with fraud. And I've cited every case from every state where that requirement is imposed. In other words, in every state that I'm urging is a model for this court to say that a wrongful death case can proceed even if there's a suicide, they also have this non-remote connection in the fraud cases. So there is something about fraud and deceit and the cases involving fiduciaries where you need to show a particularly acute connection between your actions and the damages. Back to Justice Tice's question on Martin. Martin quoted Town of Thornton versus Winterhawk. It's a fundamental principle applicable alike to breaches of contract that detorts that in order to find a right of action there must be a wrongful act done and a loss resulting from the wrongful act. The wrongful act must be the act of the defendant and the injury suffered by the plaintiff must be the natural and as just you quoted, and not merely a remote consequence of the defendant's action. And then it said this principle is applicable to actions for negligence as well as intentional torts such as fraud. Does your argument then hinge in light of Martin and quoting the Town of Thornton case on how this court interprets the language such as fraud? Is it if we interpret it exclusive as you and the appellate court seem to say, you win? If we look at it as inclusive and the intentional tort of intentional infliction of emotional distress comes under that umbrella, you lose? Is it that simple for the court? I don't believe so and here's why. I'm standing here on a case what I regard and what I think the appellant has acknowledged as a case of first impression. We're asking the court to essentially make law. It is, I think, a longstanding principle of jurisprudence that until you face the actual circumstance, previous rulings that didn't deal with the precise question that you're confronting are not binding. They shouldn't foreclose the opportunity of the law to advance. What we're saying here is that no one's ever brought a case where there's an intentional tort followed by a suicide and the courts have very broadly said no case where there's a suicide because suicide is a non foreseeable or unforeseeable consequence. Therefore, no suicide, wrongful death cases in Illinois. And I'm saying, no, this court ought to take a look at what every other jurisdiction and all the commentators and Professor Prosser and everyone who's ever confronted the situation on a full plenary hearing. Has said there's a meaningful and substantial distinction between people who act intentionally and people who act negligently. So, you know, do I lose if you find... I understand what you're saying, but the language just quoted in the Martin case does provide some analysis for this court, right, on legal cause and inter-agreement cause and whether they have an application with respect to the case. I mean, I know the facts are different, but isn't there language in there? I mean, the appellate court used it one way, right? I'm not going to be disingenuous. To the extent that the Martin versus Heinhold case has language which would foreclose my claim or my client's claim, we're asking that you reconsider it in light of the fact that there are, in light of the fact that this court would be the only Supreme Court, and by the way, all these cases that we've cited, these aren't intermediate appellate courts. These are the Supreme Courts of the states. That this court would be the only court out of those four Supreme Court cases and the federal cases interpreting the state court's law, there's three of those, to say, to review the situation and say, we're going to ignore the Supreme Court. What every other court has found to be a meaningful distinction, that is the distinction between intentional and negligent conduct in this kind of a case where there's been a suicide, and we're going to say, we're different. Can I ask you a question? We keep talking about these four cases, and if you look at the four cases, it appears that they set out different rules. California talks about that in order to recover these damages, the acts, the intentional acts had to be, the acts had to be intentional, and the defendant had to intend to injure the plaintiff. And Wyoming says the commission of the tort causes emotional and psychological illness. Indiana says there's an intention to cause physical harm. New Hampshire comes at it in a different way and has a heightened sense, apparently, of elements that we'd see in an intentional affliction of emotional distress and says that it's not that the conduct was criminal or based on actual malice, that the conduct that would be alleged that would be sufficient is an even higher standard than that. So each one of these four states has a different statement of law. What statement of law are you proposing for us here? I think it's the statement of law which I cite in my brief as the issue presented. It's very simple, and it is, I would say, fairly broad. And that is whether Illinois should recognize a cause of action for wrongful death and or survival where a defendant's intentionally tortious conduct is a substantial factor in bringing about a suicide. Would you agree that these four cases that we've been talking about seem to be much more narrow than that? Yes. I've just said so. However, if you look at what those, I mean, for instance, if you look at Myers, they say that the rule, that the suicide rule will not be a bar to proceeding in a suicide case. In Myers, the court said that law of torts recognizes that a defendant who intentionally causes harm has greater culpability than one who negligently does so. When the wrong is intentional, the defendant is responsible for the injuries directly caused, even though they may be beyond the limits of foreseeability. Now, I recognize that, you know, I'm not a lawyer, but this is a policy court. I mean, you're not here to correct, you know, somebody might have, the court might have done something, you know, that they wouldn't have done or whatever. You're making policy. And you're right, there has to be some limit. But what I'm suggesting is that once, it seems to me fair, that once you find that a person is active with the intention to harm someone else, why shouldn't they be liable? Why shouldn't they be liable for whatever happens when they do that? For instance, in Paul's graph, and I know that it's an older case and might be a while, but I mean, it's fundamental, it's fundamental of the jurisprudence of torts. A package falls, firecrackers, 50 yards away, a scale falls over, Mrs. Paul's graph is injured. If instead of there being a negligent act that resulted in the firecracker going off, what if that person had intentionally thrown a firecracker? What I'm saying is that even if it occurs at the other end of the station platform, that person who intentionally threw the firecracker should be responsible for whatever eventuates when he does his wrongful act. Now, as Chief Justice Garment said, it probably shouldn't, or at least implied, probably shouldn't encompass somebody who then goes out and commits a crime. That just seems to me one step too far. But it certainly is not too far to ask the court to recognize that somebody who runs somebody over may be eventually responsible for, you know, that person's suicide. But that analysis would certainly include, like, for example, school bullying, right? School bullying where Yes, it would. I think a bully who then May be even more forced to That's correct. It seems that my time is up. I ask the court to No, that's it. Thank you, counsel. Thank you. Bye. I only have a couple of comments in reply. This case is a case of first impression in that it deals with the, in the relationship of a death by suicide and the tort of intentional infliction of emotional distress. But it's not the first case in Illinois that involved a death by suicide and an intentional tort. As I was mentioning during my primary argument, that was the issue and that was the situation in the case of Luss versus the village of Forest Park. In that case, the plaintiff had charged the defendants not just with negligence but with the torts of battery and false arrest. Those are both intentional torts. And the court in Luss applied the suicide rule and held that that was an intervening cause which barred all of the claims, not just the negligence claim. It barred the intentional tort claims as well. So in that sense, this is not a case of first impression. It's not the first intentional tort case that had a death by suicide of a plaintiff's decedent as part of its fact pattern. Counsel argues that there should be a more lenient rule applied. In cases where a defendant is charged with an intentional tort than there is where a defendant is charged with negligence. That's the same argument that the plaintiff made in that Heinhold case. Exactly the same argument. And this court rejected the argument. And I request that the court do so again here. As I mentioned, this particular cause of action that we're going to pursue here doesn't meet not just Illinois law, it doesn't meet the law of anywhere. It doesn't meet the law of any of the four jurisdictions he's relying on. As far as I know, it doesn't meet the law of any of the other 46 states. This court would truly be out on its own if it were to recognize this cause of action. Not only that, but this court would be out on its own if it were to recognize that there is a great deal of Illinois existing case law dealing with the law of intentional torts and the relationship of the concept of proximate causation to intentional torts. That's really all I've got in response. Unless there's questions. Case number 117962 Maria Trusios, individually, Cedra, et al. versus the Debrouillard Company will be taken as a case. Case number 117962 Maria Trusios.